[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14341
_____

D.C. Docket No. 1:10-cv-00115-JRH-WLB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellant,

versus

TBC CORPORATION,
d.b.a. Carroll Tire Company, LLC,

Defendant,

CARROLL'S, LLC,
d.b.a. Carroll Tire Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 1, 2013)

Before PRYOR and HILL, Circuit Judges, and O'KELLEY,[*] District Judge.

PER CURIAM:

The Equal Employment Opportunity Commission appeals a summary judgment in favor of Carroll's, LLC.  The Commission filed an amended complaint that Carroll's terminated Terilyn Holliday because of her sex, in violation of Title VII of the Civil Rights Act of 1964.  See 42 U.S.C. § 2000e-2. Carroll's moved for summary judgment, and the Commission responded that Carroll's acted with mixed motives and gender was one factor that motivated Carroll's to fire Holliday, see id. § 2000e-2(m).  The district court refused to address the issue of mixed motives on the ground that it was untimely raised, and the district court granted summary judgment in favor of Carroll's.  Although the district court erred when it failed to consider the argument of the Commission about mixed motives, the district court correctly entered summary judgment in favor of Carroll's because there was no genuine factual dispute that its decisionmaker did not act with a discriminatory motive.  We affirm.

We review de novo the summary judgment in favor of Carroll's and view the evidence in the light most favorable to the Commission, the nonmoving party. See Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1331 (11th Cir. 1999).

---

[*] Honorable William C. O'Kelley, Senior United States District Court Judge for the Northern District of Georgia, sitting by designation.

The district court erred by refusing to consider the argument of the Commission that Carroll's acted with mixed motives.  The Commission was entitled to offer evidence that Carroll's had mixed motives when it committed "an unlawful employment practice," in violation of Title VII, by "discharg[ing] [Holliday] . . . because of her sex," 42 U.S.C. § 2000e-2(a)(1).  Section 2000e-2 provides that one way in which "an unlawful employment practice is established [is] when [a plaintiff] demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."  Id. § 2000e-2(m).  The Commission was not required to identify its method of proof in its complaint.  A complaint need contain only "a short and plain statement of the claim showing that the plaintiff is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "need not pin [the] plaintiff's claim for relief to a precise legal theory," Skinner v. Switzer, 562 U.S. ____, 131 S. Ct. 1289, 1296 (2011).  As explained in Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775 (1989), a plaintiff should not be required to "label[] [her complaint] as either a 'pretext' case or a 'mixed-motives' case from the beginning in the District Court" because "[d]iscovery often [is] necessary before [she] can know whether both legitimate and illegitimate considerations played a part in the decision against her."  Id. at 247 n.12, 109 S. Ct. at 1789 n.12.  The Commission had only to argue that the "case involve[d] mixed

3

motives . . . [a]t some point in the proceedings," id., which it did in its response to the motion of Carroll's for summary judgment.

But the district court did not err by entering summary judgment in favor of Carroll's. The Commission argues that, after the decision of the Supreme Court in Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S. Ct. 2148 (2003), a claim of discrimination based on proof of mixed motives is not governed by the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), but we need not decide that issue because the Commission failed to create a genuine factual dispute that Carroll's fired Holliday, even in part, because of her gender. Although Holliday's regional manager, James McCullough, allegedly twice stated that he wanted Holliday denied promotions and fired because she was a woman in management, McCullough did not fire Holliday. Steve Wommack testified that he fired Holliday because she had sought employment elsewhere and refused to work with her new branch manager, Richard Ramirez. See Pennington v. City of Huntsville, 261 F.3d 1262, 1270 (11th Cir. 2001). The Commission argues that Wommack was a "mere conduit, or cat's paw," for McCullough's discrimination, but Wommack independently confirmed the information on which he based his decision to fire Holliday. See Stimpson, 186 F.3d at 1332. Wommack testified that he had several conversations with Ramirez about Holliday being disrespectful to him and disregarding company

4

policies that prohibited sales to end users and that limited the number of smoke breaks.  The Commission offered no evidence to the contrary.  The Commission also argues that Ramirez failed to issue a final written warning to Holliday in compliance with its progressive disciplinary policy, but it is undisputed that Carroll's often failed to follow that policy.

We **AFFIRM** the summary judgment in favor of Carroll's.